# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of:<br><br>SAFETY MANAGEMENT AND RELATED TRAINING, INC., a California corporation,<br><br>                 Use- Plaintiff,<br><br>v.<br><br>CNA SURETY, a Delaware Corporation; WESTERN SURETY COMPANY, a South Dakota Corporation; SUPERIOR FIRE INC., a California corporation; MOHAMED SIFELDIN, an individual; RANDALL ANDERSON, an individual; and DOES 1 through 20, inclusive,<br><br>                 Defendants. | Case No.: 3:18-cv-2054-GPC-JLB<br><br>**ORDER:**<br><br>**1) GRANTING USE-PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>**[ECF No. 34]**<br><br>**2) DENYING AS MOOT USE-PLAINTIFF'S MOTION FOR LEAVE TO FILE DOE AMENDMENT NO. 1**<br><br>**[ECF No. 32]** |

      Before the Court are two motions for leave to amend, filed by Use-Plaintiff Safety Management and Related Training, Inc. ("SMART"). On September 5, 2018, SMART filed a Complaint against Defendants CNA Surety, Western Surety Company, Superior Fire Inc., Anthony Talamantez, Atala ECR, Inc., Mohamed Sifeldin, Randall Anderson,

1

and Does 1 through 20. Compl., ECF No. 1. On January 4, 2019, SMART, Defendant Anthony Talamantez, and Defendant/Counter-Claimant Atala ECR Inc. filed a Stipulation for Dismissal with Prejudice of Safety Management and Related Training, Inc.'s Claims against Atala ECF Inc., and Anthony Talamantez. ECF No. 33. In accordance with that stipulation, this Court entered an order dismissing SMART's claims against Defendants Anthony Talamantez and Atala ECR, Inc. ECF No. 35.

SMART filed its initial Motion for Leave on January 2, 2019, requesting leave to file an amended complaint. ECF No. 32. In this Motion, SMART noted that the original complaint named Doe Defendants. SMART asserted that since filing the Complaint, it "has determined that the true name of the Doe Defendant 1 is American Contractors Indemnity Company, a California corporation." *Id.* at 2.

On January 7, 2019, SMART filed another Motion for Leave to file an Amended Complaint. ECF No. 34. This second Motion essentially seeks the same relief as the first, as "SMART seeks to file an Amended Complaint including AMERICAN as a Defendant to its cause of action for Recovery Under Miller Act Payment Bonds." Pl.'s Mem. at 2, ECF No. 34. SMART filed, as an exhibit to their second motion, its proposed First Amended Complaint. This proposed First Amended Complaint adds American Contractors Indemnity Company as a Defendant. Counsel for SMART asserts that SMART did not discover the true identify of American until after it filed its original Complaint on September 5, 2018. Hernquist Decl. ¶ 3, ECF No. 34-2. Specifically, in November 2018, SMART was informed that American was the bond surety that provided the Miller Act Payment Bonds for two projects. *Id.* ¶ 4.

Rule 15(a) of the Federal Rules of Civil Procedure states that, after the initial period for amendments as of right, pleadings may only be amended by leave of court, which "[t]he court shall freely give when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts commonly use four factors to determine the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *Ditto v. McCurdy*, 510 F.3d 1070, 1078-79 (9th Cir. 2007); *Loehr v.*

*Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). "When weighing these factors ... all inferences should be made in favor of granting the motion to amend." *Hofstetter v. Chase Home Fin., LLC*, 751 F. Supp. 2d 1116, 1122 (N.D. Cal 2010) (citing *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

The Court finds that SMART should be granted leave to amend. The Court does not find any bad faith or undue delay. SMART filed its Complaint in September 2018, discovered the identity of American in November 2018, and has now sought leave to add American. Moreover, the Court does not find any prejudice to American, nor does it appear at this time that the amendment would be futile. Because SMART has filed two motions for leave to amend, asking for the same relief, the Court will grant the second motion, and deny the first motion as moot.

However, the proposed First Amended Complaint is deficient in one aspect. The proposed First Amended Complaint includes Defendants Talamantez and Atala and alleges claims against them, but these Defendants have been dismissed. SMART is directed to file a cleaned-up complaint, removing the dismissed Defendants.

Accordingly, the Court orders as follows:

1. Use-Plaintiff's Motion for Leave to File an Amended Complaint, ECF No. 34, is **GRANTED**.
2. Use-Plaintiff Safety Management and Related Training, Inc.'s Motion for Leave to File Doe Amendment No. 1 to Complaint, ECF No. 32, is **DENIED AS MOOT**.
3. Use-Plaintiff Safety Management and Related Training, Inc. is directed to file its First Amended Complaint, adding Defendant American Contractors Indemnity Company, and removing as Defendants Anthony Talamantez and Atala ECR, Inc., no later than 14 days from entry of this Order.

**IT IS SO ORDERED.**

Dated: January 10, 2019

Hon. Gonzalo P. Curiel
United States District Judge